# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fred C. Holland, | Civ. No. 14-2441 (MJD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Department of Veterans Affairs, | |
| Defendant. | |

Fred C. Holland, 8874 Arona Avenue, Lexington, MN 55014, *pro se* Plaintiff.

Craig R. Baune, Esq., United States Attorney's Office, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

On June 30, 2014, Plaintiff filed a *pro se* Complaint in this case alleging that he suffered damages as a result of a slip and fall accident that occurred while working at the Veterans Affairs Medical Center. (Doc. No. 1.) The matter is now before the Court on Defendant U.S. Department of Veterans Affairs' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 13.) Defendant argues that this Court does not have subject-matter jurisdiction over the case because Plaintiff's claims are barred by the Federal Employees Compensation Act and the Civil Service Reform Act. A hearing was held on the motion on April 7, 2015.[1] The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and D. Minn. LR 72.1

---

[1]   Plaintiff neither filed an opposition to Defendant's motion, nor appeared at the hearing.

and 72.2. (Doc. No. 19.) For the reasons set forth below, this Court recommends granting Defendant's motion to dismiss.

## BACKGROUND

Plaintiff Fred C. Holland was employed by the U.S. Department of Veterans Affairs, V.A. Medical Center ("V.A.") as a launderer for almost fifteen years. (Doc. No. 1, Compl. ¶ 7.) He stopped working on November 2, 2011, after a slip and fall accident that occurred on October 24, 2011, on the V.A.'s premises. (*Id.*; Doc. No. 15, Def. Mem.in Supp. of its Mot. to Dismiss ("Def. Mem.") 2.) He alleges that he suffers from severe back, neck, and leg injuries as a result of this accident, and that these injuries have required surgery. (Compl. ¶ 7.)

Plaintiff received compensation through the Office of Workers' Compensation Programs ("OWCP") from November 2, 2011, through April 19, 2013. (Def. Mem. 2.) However, the OWCP determined on February 11, 2013, that Plaintiff was physically capable of performing work and offered him a position suitable for his qualifications and physical capability. (*Id.*) Plaintiff challenged that determination, but the OWCP affirmed and notified Plaintiff that his worker's compensation benefits would terminate on April 19, 2013. (*Id.*) Plaintiff never commenced work at the newly offered position, and as a result, the V.A. determined that Plaintiff had been absent without leave between April 22, 2013, and June 17, 2013. (*Id.*) Plaintiff objected to that determination, but the agency ruled that Plaintiff's dismissal was appropriate and terminated him on August 10, 2013. (*Id.*) On September 6, 2013, Plaintiff filed a claim challenging his termination. (*Id.*)

After a hearing was scheduled on the matter before the Merit Systems Protection Board ("MSPB"), Plaintiff agreed to dismiss his claim without prejudice. (*Id.*)

Plaintiff has now filed a Complaint in this Court under the Federal Torts Claim Act for the injuries he suffered at the V.A. (Compl. ¶¶ 7c–e).

## DISCUSSION

### I.   Standard of Review

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991). When a party brings a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the burden of establishing that jurisdiction exists is on the party invoking federal jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) ("The burden of proving subject matter jurisdiction falls on the plaintiff."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

On a Rule 12(b)(1) motion challenging subject-matter jurisdiction, the court "has authority to consider matters outside the pleadings." *Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990). But the standards of Rule 56, which would apply to motions to dismiss for failure to state a claim under Rule 12(b)(6) that consider matters outside the pleadings, do not govern a motion challenging subject-matter jurisdiction. Rather, the

3

standard for motions under Rule 12(b)(1) challenging subject-matter jurisdiction is different in that the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *P.G. v. Ramsey County*, 141 F. Supp. 2d 1220, 1230 (D. Minn. 2001) (quoting *Osborn*, 918 F.2d at 730). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

In instances where sovereign immunity could preclude jurisdiction, the plaintiff must establish "both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship*, 235 F.3d at 1112. Unless sovereign immunity has been expressly waived, a court does not have jurisdiction to hear a case against the United States or its agencies. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

**II.     Analysis**

    **A.     FECA Precludes the FTCA Claim**

Plaintiff argues that the compensation he received under the Federal Employees Compensation Act ("FECA") should not have been discontinued, that he is unable to work, and that he has a right to damages because of his injury. He admits, however, that his injury occurred while performing his duties as a launderer at the V.A. Yet he asserts his claim against the V.A., a United States agency, under the Federal Torts Claim Act ("FTCA").

The FECA, a statute that provides workers' compensation for federal employees, is the sole remedy for claims arising from work-related injuries of federal employees. *Pourier v. United States*, 138 F.3d 1267, 1267–68 (8th Cir. 1998); *see also* 5 U.S.C. § 8116(c) ("The liability of the United States . . . under [the FECA] with respect to the injury or death of an employee is exclusive . . . ."). The FECA was created as a legislative compromise: "for employees, the right to receive benefits regardless of fault; for the Government, immunity from suit." *Pourier*, 138 F.3d at 1267. Thus, § 8116(c) prohibits actions against the United States by an "employee . . . or any other person otherwise entitled to recover damages from the United States . . . because of the [employee's] injury or death." 5 U.S.C. § 8116(c). As such, a district court does not have jurisdiction over a FTCA claim against the United States regarding a federal employee's injury. *See Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991); *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 192–94 (1983).

Instead, if a plaintiff's injuries were sustained during the performance of his work as a federal employee, the FECA provides the remedy for receiving compensation. *Griffin v. United States*, 703 F.2d 321, 321–22 (8th Cir. 1983). Under the FECA, the Government must compensate the worker regardless of fault—as the Government did here for a period of more than seventeen months—for any work-related injury, but the

worker is barred from seeking any additional relief from the Government for such claims. *Pourier*, 138 F.3d at 1267–68.[2]

Further, the Secretary of Labor's decisions to allow or disallow compensation under FECA are conclusive; the Secretary has the right to determine all questions of law or fact in regards to the matter and his decision is not subject to review by a court. 5 U.S.C. § 8128(b). On a claim where the Secretary determines that FECA applies, a court has no jurisdiction to hear the claim under the FTCA. *Southwest Marine, Inc.*, 502 U.S. at 90; *see also Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 779–80, n. 13(1985) (detailing 5 U.S.C. § 8128(b) as an example of Congress barring judicial review on a matter in "unambiguous and comprehensive" language). If there is even a substantial question of whether FECA applies to a plaintiff's injury, a claim may not be brought in district court under the FTCA. *See Griffen*, 703 F.2d at 322 (citing *Reep v. United States*, 557 F.2d 204 (9th Cir.1977)). In the instant case, Plaintiff's claim is under the purview of FECA, and as such, this Court concludes it has no subject-matter jurisdiction over Plaintiff's FTCA claim.

### B.   CSRA Bars Any Wrongful Termination Claim

Defendant points out that although the Complaint focuses primarily on a personal injury claim, it could be interpreted, if construed liberally, as also asserting a wrongful termination claim. (Def.'s Mem. 6; *see* Compl. ¶7(c) (alleging that the V.A., "[s]howing

---

[2]   Even if FECA does not compensate for a particular injury, that alone does not give a plaintiff the right to bring a claim in district court under the FTCA. *Griffen*, 703 F.3d at 322.

willingly [sic] neglect and failure not only to fire Mr. Holland from his job but to cause permanent injury to Mr. Holland is grounds under the <u>Federal Tort Claims Act</u>." (emphasis in original)).) If Plaintiff is attempting to raise a wrongful termination claim, this Court lacks jurisdiction over that claim as well.

It is undisputed that Plaintiff was a federal employee of the V.A. and was terminated. The Civil Service Reform Act ("CSRA") provides a mechanism for appeal of federal employee terminations. *See* 5 U.S.C. §§ 7511–7513, 7701–7703. Under the CSRA, terminated federal employees may challenge their termination through an intra-agency hearing before the MSPB, which is authorized to order reinstatement, back-pay, and attorney's fees. *Id.* §§ 7513(b), 7513(d), 7701; *Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2130 (2012). An employee may then seek judicial review of an adverse decision in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703; *Elgin*, 132 S. Ct. at 2130. This review and appeal process is a terminated federal employee's sole remedy for alleged wrongful termination. *See Elgin*, 132 S. Ct. at 2133 ("[T]he CSRA's elaborate framework . . . indicates that extrastatutory review is not available to those employees to whom the CSRA grants administrative and judicial review."); *United States v. Fausto*, 484 U.S. 439, 448 (1988) (stating that the CSRA provides the exclusive remedy for terminated federal employees who fall under its provisions, and "the absence of provision for these employees to obtain judicial review is . . . a manifestation of a considered congressional judgment that they should not have statutory entitlement to review"); *Premachandra v. United States*, 739 F.2d 392, 394 (8th Cir. 1984) ("Had Congress intended for such [employment] decisions to be reviewable in district courts in

7

the context of actions under the Federal Tort Claims Act, it would not have so precisely defined the civil service remedy.").

Here, Plaintiff initiated the appeal process under CSRA, but agreed to dismiss his claim without prejudice after a hearing was scheduled with the MSPB. To the extent Plaintiff has any right to challenge his termination, that claim must be brought in accordance with the CSRA process, and ultimately any appeal from a MSPB decision must be brought before the Federal Circuit. *See Elgin*, 132 S. Ct. at 2130. This Court does not have jurisdiction over Plaintiff's claim.

## RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant U.S. Department of Veterans Affairs' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 13) be **GRANTED**; and

2. Plaintiff's Complaint (Doc. No. 1) be **DISMISSED** for lack of subject-matter jurisdiction, and judgment be entered accordingly.

Date: May 11, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
Unites States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in D. Minn. LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.